**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Willie Moses LEE, Defendant–**
**Appellant.**

No. 00–1159.

United States Court of Appeals,
Sixth Circuit.

May 1, 2001.

Before SILER and MOORE, Circuit Judges; STAGG, District Judge.*

---

* The Honorable Tom Stagg, United States District Judge for the Western District of Louisiana, sitting by designation.

## ORDER

This is a direct appeal from a criminal judgment and commitment order in which counsel for the defendant moves to withdraw representation. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Willie Moses Lee was named in a nine count indictment in connection with several bank robberies in the Eastern District of Michigan. Lee agreed to plead guilty to the indictment but later entered a plea of guilty to the first count of the indictment and nolo contendere to counts two through five. The district court sentenced Lee to five concurrent 100 month terms of imprisonment to be followed by a two year period of supervised release along with specified amounts of restitution to each financial institution.

Counsel for Lee filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Lee was served with this motion and a copy of the brief and was invited to respond, *see Freels v. Hills*, 843 F.2d 958, 961 & n. 3 (6th Cir.1988), but he chose not to do so.

Lee was indicted for having committed nine different bank robberies between February 25, 1998 and July 31, 1998. Lee was appointed counsel and entered into an agreement to plead guilty to five of the nine counts. The agreement contained a detailed factual recitation of Lee's involvement in all nine solo bank robberies as well as a sentencing cap of 108 months. The government agreed that Lee would be entitled to a three level reduction for his expected acceptance of responsibility and Lee waived a number of rights, including his right to dispute on appeal the legality, constitutionality or factual accuracy of his guideline sentence.

Lee appeared with counsel before the district court to offer his pleas. The district court explained to Lee the rights that he was waiving and Lee readily admitted to his having committed the five robberies. Lee expressed some reservations and confusion about his federal pleas versus his unrelated state court pleas, and the court ultimately accepted Lee's plea of guilty to count one and nolle contendere to the remaining four counts. The matter was set over for sentencing after the court agreed to a request to have Lee examined for mental competency.

At sentencing, the district court received the presentence report without objection and offered Lee an opportunity to speak in his behalf. Following Lee's rambling comments directed to many subjects, some more relevant than others, counsel for Lee asked the district court to consider a downward departure based on Lee's diminished mental capacity (USSG § 5K2.13), an alleged overstatement of Lee's criminal history (USSG § 4A1.3), and for other mitigating factors not adequately considered in formulating the guidelines (USSG § 5K2.0). The court considered the merits of the departure request and declined to effect a departure. The court sentenced Lee to five concurrent 100 month terms of imprisonment, a two year period of supervised release, and a detailed restitution schedule.

Counsel for Lee, in furtherance of his duty under *Anders* and apparently in response to his client's urging, suggests that this court examine the district court's refusal to effect the downward departure as requested.

██ A sentence conforming to the guideline range ordinarily cannot be appealed based on the district court's refusal to depart downward unless the court

incorrectly believed that it lacked the authority to consider the defendant's mitigating circumstances as well as the discretion to deviate from the guidelines. *See United States v. Wells,* 211 F.3d 988, 1003 (6th Cir.2000); *United States v. Butler,* 207 F.3d 839, 844 (6th Cir.2000). This court will examine the transcript of the sentencing hearing to determine whether the district court believed that it lacked the authority to consider the requested departure. *See United States v. Ebolum,* 72 F.3d 35, 37 (6th Cir.1995).

■ A cursory examination of the transcript reflects the district court's rejection of the departure request only after a complete, thoughtful consideration of their merits. The court implicitly recognized its authority to depart, but simply declined to do so. This arguable issue lacks merit.

There are no other grounds offered or apparent upon which to base a successful appeal. The appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(c), Rules of the Sixth Circuit.